**SCHULTE, Appellant, v. LANGENBRUNNER, Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 6697—Decided October 26, 1946

30

Freiberg & Simmonds and Albert M. Freiberg, Cincinnati, for Appellant.

Schott, Tieman & Neyer, Cincinnati, for Appellee.

## OPINION

By ROSS, J.

Appeal on questions of law from a judgment of the Court of Common Pleas, reversing a judgment of the Municipal Court of Cincinnati for the plaintiff.

The action was instituted by the plaintiff to recover from the defendant the cost of repairs to plaintiff's automobile which the defendant agreed to pay. The damage to plaintiff's automobile was caused by the son of the defendant, to whom the father loaned his automobile, in order that the son might take "his girl" to the Court House "to arrange for a marriage license." It appears that the defendant went to a garage, where the plaintiff, the defendant, his son and a police officer were discussing the collision and damage to plaintiff's automobile. There were no threats of arrest, or suit. The defendant, however, told the plaintiff to have the automobile repaired and he, the defendant, would pay the cost of such repairs. The plaintiff stated he had called a repairman to come and get the automobile. The defendant said he would prefer another repairman, but since plaintiff had employed one, would make no objection to the one selected by plaintiff, and that he, the defendant, would pay the costs of such repairs.

The defendant, later in the day being advised by plaintiff that the repairman selected by plaintiff had not yet

presented an estimate of such repairs, stated to plaintiff that "he was not interested in it any more."

The repairs were made by the repairman selected by plaintiff and the costs of such repairs were paid by plaintiff, for which amount plaintiff recovered judgment against defendant in the Municipal Court of Cincinnati.

The defendant now claims that the judgment of reversal by the Common Pleas Court is correct upon the basis (1) that the agreement of the defendant to pay was not in writing; (2) that there was no consideration for the defendant's promise.

The defendant admits he gave his son permission to use his automobile, and further stated:

"Q. Whom did you have the conversation with?

"A. With the officers. They came to me and said 'Now, we don't want to arrest your boy.' I won't say sure whether they told me he didn't have a driver's license on him or he did. It was figured we don't want to arrest the boy but this man wants the damages paid for. I asked who was at fault. It was the boy's says he. The officers says 'it is his fault, he run into him.' He had a signal device on his machine that he operated by hand on the windshield. I am not acqainted with that. I made the simple statement if it is our fault we will pay for it."

The son was twenty-three years old. He had no driver's license upon his person.

The credibility of the witnesses was for the trial court. There is evidence that the defendant made a **direct** promise to the plaintiff to pay for the cost of repairs. This is not a guaranty and such promise is not covered by the statute of frauds. 19 O. Jur. p. 559.

On the question of consideration, there is evidence that the collision was caused by the fault of defendant's son, that the son was subject to arrest for failure to possess a driver's license while operating the automobile, that although no actual threats of arrest were made, a police officer was present and remained with the parties until an amicable agreement was reached by them. These are circumstances under which an owner of a motor vehicle has been held liable for injuries caused by its use when entrusted to a person known to be incompetent to properly operate the same. **Williamson v. Eclipse Motor Lines, Inc., 145 Oh St 467.**

There is no evidence sustaining the conclusion that such circumstances were involved in the instant case. The real question here presented is whether there is any substantial evidence showing that the plaintiff suffered any detriment or the defendant received any advantage or is guilty of conduct which would estop him from denying liability. Certainly, there is no evidence that the plaintiff relinquished any legal rights he may have possessed. He did not bind himself not to sue or prosecute. Any rights he possessed when the conference in the garage occurred were still possessed by plaintiff when the defendant, on the same day, refused to be bound by his direct promise to plaintiff to pay the costs of repairs.

Did the defendant do or say anything which caused the plaintiff to change his position, resulting in injury or damage to the plaintiff? It is to be borne in mind that according to the plaintiff's own testimony before he incurred any expense he was advised by the defendant that "he was not interested in it any longer." Again, according to plaintiff's own testimony, he told defendant he would secure an estimate of the costs of repair and submit it to defendant, and if this was not satisfactory the defendant could have his own "man" look at the automobile and make his own estimate.

It is apparent, therefore, that the plaintiff incurred no expense before he was notified defendant had rescinded his offer to pay the costs. Plaintiff, before any statement was made by defendant, had ordered his repair man Sieve & Lang to come for the automobile. There is apparent in the evidence, therefore, no facts justifying a conclusion that plaintiff changed his position by reason of anything the defendant said or did. Plaintiff relied upon the bare promise of the defendant to pay the costs of repairs. This promise was entirely unsupported by any consideration, consisting either of benefit to the defendant or detriment to plaintiff. The promise of defendant having been rescinded by defendant before the plaintiff had incurred any expense in reliance upon the promise, no element of estoppel appears in the evidence.

For these reasons, the judgment of the Court of Common Pleas, reversing the judgment of the Municipal Court of Cincinnati, and rendering judgment for the defendant, is affirmed.

HILDEBRANT, PJ, MATTHEWS and ROSS, JJ, concur in syllabus, opinion and judgment.