NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0288n.06
No. 19-4272

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 14, 2021
DEBORAH S. HUNT, Clerk

WIESE USA, INC.,

    Plaintiff-Appellant,

v.

HAULOTTE GROUP / BIL-JAX, INC.,

    Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE
NORTHERN DISTRICT OF
OHIO

Before: CLAY, McKEAGUE, and LARSEN, Circuit Judges.

LARSEN, Circuit Judge. In 2012, Haulotte Group / Bil-Jax and Wiese negotiated a dealer agreement that would govern their business relationship. Wiese requested specific protections in the agreement's indemnity clause, which Haulotte ultimately included in the agreement sent to Wiese. Wiese sought to enforce the indemnity provision, but Haulotte argued that Ohio's statute of frauds barred enforcement of the provision because it is not memorialized in a signed writing. The district court granted summary judgment to Haulotte, holding that the unsigned dealer agreement failed to meet the requirements of the statute of frauds and was ineligible for Ohio's "leading object" exception to the statute. Because we conclude, and both parties now agree, that the statute of frauds does not apply to the indemnity provision, we REVERSE and REMAND.

I.

Bil-Jax, which is wholly owned by Haulotte Group, manufactures industrial equipment. Wiese is an industrial equipment dealer that provides rental, service, maintenance, and fleet management services.

In early 2012, Wiese and Haulotte negotiated a Dealer Agreement, pursuant to which Wiese would stock, rent, demonstrate, train, and service Haulotte products in certain states and counties. During negotiations, Wiese made a change to the indemnity provision of Haulotte's dealer agreement standard terms and conditions, which provided that the dealer would indemnify and hold Haulotte harmless for claims of death, bodily injury, or property damage arising from the dealer's actions and for which the dealer would otherwise be liable. Wiese inserted the following new language:

> Haulotte Group / BilJax shall indemnify and hold [Wiese] harmless against and assume the full responsibility for the defense and disposition of all claims or suits asserted against [Wiese] in which it is alleged that death, bodily injury or property damage has been suffered as a result of an occurrence which is due in whole or in part from a producer defect caused by Haulotte Group / BilJax in the design, manufacture, containerization or identification of the Products.

Haulotte did not object to these changes and sent a copy of the agreement with the changes to Wiese for approval. Wiese signed the agreement and thereafter resumed business with Haulotte. There is no record of anyone from Haulotte signing the agreement.

In 2016, an aerial boom lift designed and manufactured by Bil-Jax collapsed because of a welding defect. Two construction workers employed by Sentry Roofing were injured. Sentry and the two construction workers sued three defendants in Illinois state court: Wiese, which had contracted to inspect, maintain, repair, and service the lift; Bil-Jax, the lift's manufacturer; and Airworx, the company that sold the lift to Sentry. Wiese requested that Bil-Jax indemnify it for defense costs related to the suit, but Bil-Jax refused.

Wiese then sued Haulotte Group / Bil-Jax in federal court, requesting a judgment declaring that the indemnity clause in the dealer agreement is enforceable. Both parties moved for summary judgment. The district court denied Wiese's motion and granted Haulotte's. It held that the dealer

agreement did not satisfy the statute of frauds and that Ohio's "leading object" exception to the statute of frauds did not apply. Wiese appeals.

## II.

This case is in federal court on diversity jurisdiction, and the district court applied Ohio law, in accordance with the terms of the dealer agreement. Ohio's statute of frauds says that "[n]o action shall be brought whereby to charge the defendant, upon a special promise, to answer for the debt, default, or miscarriage of another person . . . unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized." Ohio Rev. Code § 1335.05. The district court concluded that the agreement failed to comply with the statute of frauds and that no exception to the statute applied.

But neither the parties nor the district court grappled with the predicate question of whether the statute of frauds applies to the indemnity provision at all. We sought supplemental briefing from the parties on this "antecedent" and "ultimately dispositive" question of law. *U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 447 (1993) ("[A] court may consider an issue 'antecedent to . . . and ultimately dispositive of' the dispute before it, even an issue the parties fail to identify and brief.") (quoting *Arcadia v. Ohio Power Co.*, 498 U.S. 73, 77 (1990)); *cf*. *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 88 n.9 (1993) (addressing a legal question as to which the parties agreed on the answer). Both parties now conclude that the statute of frauds does not apply to the indemnity provision, and we agree.

Ohio courts have long distinguished between cases where, as here, a promise to indemnify is made directly to the party incurring the debt, and cases where a promise to guarantee a debt is made to a creditor. While the latter cases are subject to the statute of frauds, the former are not.

*See Mays v. Joseph*, 34 Ohio St. 22, 23 (1877) ("The promise was an original and not a collateral engagement. There was no element of debt, default, or miscarriage of any third person in the agreement. The act against which the indemnity was promised was for the benefit of the promisor, and involved a liability to loss on the promisee, and was not within the statute of frauds."). For example, in *First National Bank of Omaha v. iBeam Solutions, L.L.C.*, the court held that a promise to indemnify was not subject to the statute of frauds because "the statute [of frauds] . . . applies only to promises made to a creditor and not, as here, where the promise to answer for the debt is made to the debtor himself." 61 N.E.3d 740, 759 (Ohio Ct. App. 2016). Similarly, the court in *New Waterford Bank v. Austin Agency, Inc.* held that an oral agreement to indemnify was not subject to the statute of frauds. No. 94-T-5174, 1996 WL 200562, at *3–4 (Ohio Ct. App. Mar. 22, 1996). It distinguished between an "original agreement" between a guarantor and a debtor, which is not subject to the statute of frauds, and a "collateral agreement" between a guarantor and a creditor, which is. *Id.* at *4; *see also Schulte v. Langenbrunner*, 71 N.E.2d 147, 148 (Ohio Ct. App. 1946) ("There is evidence that the defendant made a *direct* promise to the plaintiff to *pay* for the cost of repairs. This is not a guaranty and such promise is not covered by the statute of frauds."); *Knapke v. J.C. Penney Co.*, No. 10-92-8, 1992 WL 195310, at *3 (Ohio Ct. App. July 31, 1992) (holding that oral promise to pay medical bills made directly to debtor herself is not subject to statute of frauds because it "is not regarded as a promise to answer for the debt of another"); *cf. Able/S.S., Inc. v. KM & E Servs.*, No. 2000–L–162, 2002 WL 31663550, at *8 (Ohio Ct. App. Nov. 22, 2002) ("We are unable to find any authority that the statute of frauds defense is available for use against anyone other than the original creditor . . . ."). We have recognized this distinction too. *See GBJ Corp. v. E. Ohio Paving Co.*, 139 F.3d 1080, 1086 (6th Cir. 1998) ("While the Statute of Frauds refers to 'promises to answer for [a] debt,' however, this case concerns a

bilateral agreement to assume a debt. The latter, a common sort of business deal, can be enforced without a writing.") (alteration in original) (emphasis omitted) (citation omitted).

Here, Haulotte and Wiese specifically negotiated the indemnity clause. Haulotte promised Wiese directly to indemnify it against losses for certain claims and suits. Haulotte made this promise to Wiese, not to Wiese's creditors. Under Ohio law, the statute of frauds does not apply to the indemnity clause in this case. Accordingly, it was error to grant summary judgment to Haulotte on this basis.

* * *

We REVERSE and REMAND for proceedings consistent with this opinion.